## JORDAN v. JORDAN.

JUDGMENT ORDERING PARTITION THE ONLY ONE FROM WHICH APPEAL LIES.

> In partition, the only final judgment from which an appea lies is that ordering the partition and ascertaining the shares. The subsequent proceedings and confirmations are to carry out the final order, and error only lies to them.

SWING, J.

This was an action for partition, brought October 15, 1892. July 26, 1893, a decree was rendered in the court of common pleas, by consent of parties, wherein the court found that the plaintiff was entitled to four-ninths and the defendant to five-ninths of the property sought to be apportioned, and partition of the premises was ordered accordingly, and commissioners were appointed to make said partition. No exception was taken to this decree and no notice of appeal given by either party. On September 19, 1893, motion was made to confirm partition of commissioners, and on September 30th, a judgment was entered confirming the partition theretofore made and adjudging that the parties pay the costs in the proportion of four-ninths by plaintiff and five-ninths by defendant, including a counsel fee of $300 to N. E. Jordan for services as attorney. To this judgment defendant excepted and gave notice of appeal in the words following: "And the defendant, Elizabeth P. Jordan, objects and excepts to so much of the decree as allows a counsel fee to plaintiff, and hereby gives notice of appeal to the circuit court of this county, and the court fixes appeal bond at $50." On October 6th, the defendant gave an appeal bond and the cause was brought into this court on appeal.

In our opinion the only matter attempted to be brought into this court by the appeal was the judgment of the court of September 30th, ordering the confirmation of commissioners in partition and adjudging the payment of the costs. The decree of partition rendered July 26th was by consent and was not appealed from. The judgment of September 30th was not appealable, while that of July 26th was. Error was the proper remedy on order of confirmation and payment of costs.

This cause, not being appealable, there is no jurisdiction in this court to render any judgment, and the court will, on its own motion, order the case stricken from the docket.

*N. E. Jordan*, for plaintiff.

*Harmon, Colston, Goldsmith & Hoadly* and *J. W. O'Hara*, for defendant.